**HANNI M. FAKHOURY**
California Bar No. 252629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Hanni_Fakhoury@fd.org

Attorneys for Mr. Karas

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 08CR00253-H |
| | ) | |
| Plaintiff, | ) | |
| | ) | STATEMENT OF FACTS AND |
| v. | ) | MEMORANDUM OF POINTS AND |
| | ) | AUTHORITIES IN SUPPORT OF MOTIONS |
| **RICHARD MORGAN KARAS**, | ) | |
| | ) | |
| Defendant. | ) | |

**I.**

**STATEMENT OF FACTS**[1]

According to the discovery provided by the government, at 5:13 p.m. on January 18, 2008, Mr. Karas drove to the Calexico East Port of Entry, seeking admission into the United States from Mexico. Mr. Karas was referred to secondary inspection and marijuana was subsequently discovered in the vehicle he was driving. Mr. Karas was taken into custody and placed in a cell. More than eight hours later, at 2:25 a.m., Mr. Karas was interrogated by U.S. Immigration and Customs Enforcement Special Agents Wood and Morqecho and gave a statement.

//

//

---

[1] The facts are taken from the discovery provided by the government. Mr. Karas does not stipulate to its accuracy and reserves the right to challenge it at future proceedings.

1    On January 30, 2008, a two count indictment was handed down by the January 2007 Grand Jury
2 charging Mr. Karas with importing 21.62 kilograms of marijuana, in violation of 21 U.S.C. §§ 952, 960,
3 and possession of marijuana with intent to distribute, in violation of 21 U.S.C.§ 841(a)(1).

## II.

**A HEARING UNDER 18 U.S.C. § 3501 IS NECESSARY TO DETERMINE WHETHER MR. KARAS'S STATEMENTS WERE VOLUNTARY AND WHETHER THE SAFE HARBOR VIOLATION WAS REASONABLE**

**A.    A Statement Must Be Voluntary To Comply With The Due Process Clause**

Even if a statement is preceded by Miranda warnings, the due process clause prohibits the use of involuntary statements. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964). The government bears the burden of proving by a preponderance of the evidence that any confession or statements were voluntarily made by a criminal defendant. Lego v. Twomey, 404 U.S. 477, 483 (1972). A statement is voluntary if it is the product of a rational intellect and free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960).

As the Supreme Court has explained, in determining whether a statement is voluntary, courts must look at the totality of the circumstances, taking into account factors such as "the youth of the accused; his lack of education; or his low intelligence; the lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as the deprivation of food or sleep." Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973) (citations omitted). A statement or confession will be involuntary if coerced by either physical intimidation or psychological pressure. A confession is deemed involuntary not only if coerced by physical intimidation, but also if achieved through psychological pressure. "The test is whether the confession was 'extracted by any sort of threats or violence, (or) obtained by any direct or implied promises, however slight, (or) by the exertion of any improper influence.'" Hutto v. Ross, 429 U.S. 28, 30 (1976) (per curiam) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)). Accord United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981).

//
//
//

1  **B.   A Hearing Under 18 U.S.C. § 3501 Is Necessary To Determine Whether Mr. Karas Statements Were Voluntary**

2

3  Under 18 U.S.C. § 3501(a), "[b]efore [a] confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness." This Court is thus required to determine whether any statements made by Mr. Karas were voluntary. Additionally, 18 U.S.C. § 3501(b) requires this Court to consider numerous enumerated factors in determining whether Mr. Karas voluntarily made a statement. These factors include whether he understood the nature of the charges against him and whether he understood his constitutional rights.

Section 3501(a) clearly requires this Court to make a factual determination. When a factual determination is required, Federal Rule of Criminal Procedure 12 requires the court to make factual findings. See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Since "suppression hearings are often as important as the trial itself," these findings should be supported by evidence, not merely an unsubstantiated recitation of purported evidence in a prosecutor's responsive pleadings. Id. at 610 (quoting Waller v. Georgia, 467 U.S. 39, 46 (1984)). Without the presentation of evidence, this Court cannot adequately consider the 18 U.S.C. § 3501(b) factors. Therefore, Mr. Karas requests this Court conduct an evidentiary hearing pursuant to 18 U.S.C. § 3501(a) to determine, outside the presence of the jury, whether the statements he made were voluntary.

**C.   An Evidentiary Hearing Is Also Necessary To Determine Whether The Violation Of The Safe Harbor Provision of 18 U.S.C. § 3501(c) Was Reasonable.**

When a statement is given by an accused within six hours of arrest, 18 U.S.C. § 3501(c) states that the statement "shall not be inadmissible solely because of delay." See United States v. Mendoza, 157 F.3d 730, 731 (9th Cir. 1998) ("18 U.S.C. § 3501(c) provides a six-hour "safe harbor" after an arrest and before the arraignment during which a confession will not be excludable solely because of delay."); United States v. Van Poyck, 77 F.3d 285, 288 (9th Cir.1996). "A confession made after the safe harbor period may be excluded solely because of the delay." Mendoza, 157 F.3d at 731. This six hour period may be extended only if the delay is "reasonable" or public policy concerns weigh in favor of admission. Id. (citing Van Poyck, 77 F.3d at 288; United States v. Wilson, 838 F.2d 1081, 1084 ( 9th Cir.1988)). The public policy concerns to be considered include "discouraging officers from unnecessarily delaying arraignments, preventing the

admission of involuntary confessions, and encouraging early processing of defendants." <u>Mendoza</u>, 157 F.3d at 731-732.

Here, there was an eight hour delay between Mr. Karas's arrest and his subsequent interrogation. According to the government's discovery, Mr. Karas approached the port of entry at 5:17 p.m. and was placed in handcuffs and taken into custody. Yet he was not interviewed until 2:25 a.m., eight hours after he had been arrested. Since the interrogation is beyond the six hour "safe harbor" permitted under 18 U.S.C. § 3501(c), an evidentiary hearing is necessary to determine whether the delay was reasonable.

## III.

## **CONCLUSION**

For the foregoing reasons, Mr. Karas respectfully requests that the Court grant his motion to conduct an evidentiary hearing with respect to the voluntariness of any statements he made and to the reasonableness of the eight hour delay.

Respectfully submitted,

Dated: March 26, 2008  *s/ Hanni M. Fakhoury*
**HANNI M. FAKHOURY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Karas