KAREN P. HEWITT
United States Attorney
PAUL L. STARITA
Assistant U.S. Attorney
California State Bar No. 219573
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6507
Email: paul.starita@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0253-H |
| Plaintiff, | DATE: April 21, 2007<br>TIME: 2:00 p.m. |
| v. | UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO GRANT EVIDENTIARY HEARING |
| RICHARD MORGAN KARAS, | |
| Defendant. | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Paul L. Starita, Assistant United States Attorney, and hereby files its Response and Opposition to the defendant's above-referenced motions together with Statement of Facts and Memorandum of Points and Authorities. This Response and Opposition is based upon the files and records of the case.

//
//
//
//
//
//

**I**

**STATEMENT OF THE CASE**

On January 30, 2008, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant RICHARD MORGAN KARAS ("Defendant") with (i) importing approximately 21.62 kilograms (47.56 pounds) of marijuana into the United States in violation of 21 U.S.C. §§ 952 and 960, and (ii) possessing approximately 21.62 kilograms (47.56 pounds) of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(2). Defendant was arraigned on the Indictment on February 5, 2008, and pleaded not guilty.

**II**

**STATEMENT OF THE FACTS**

**A.     PRIMARY INSPECTION AREA**

On January 18, 2008, at approximately 5:13 p.m., Defendant, the driver and sole occupant of a 1993 Chrysler Caravan minivan bearing California license plates (# 3WGV605), applied for admission into the United States from Mexico through the Calexico, California, East Port of Entry. When Defendant arrived at the primary booth, Customs and Border Protection ("CBP") Officer Baca asked Defendant if he had anything to declare and Defendant provided a negative customs declaration. CBP Officer Baca then asked Defendant who owned the vehicle and Defendant responded that he had owned the vehicle for two days. CBP Officer Baca noticed that Defendant would not make eye contact during questioning and noticed that the vehicle "tapped solid" on the driver's side panel. As such, Defendant and his vehicle were referred to the Secondary Inspection Area for further processing.

**B.     SECONDARY INSPECTION AREA**

During further inspection of Defendant's vehicle, CBP Officers discovered 14 cellophane wrapped packages concealed in the side panels of the vehicle. CBP Officers probed one of the packages and found a green leafy substance. This substance field tested positive for the presence of marijuana. The total weight of these packages was approximately 21.62 kilograms (47.56 pounds).

**C.     DEFENDANT'S POST-*MIRANDA* STATEMENT**

At approximately 2:16 a.m., on January 19, 2008, Immigration and Customs Enforcement ("ICE") Special Agent Wood advised Defendant of his Miranda rights in the English language with the

1  assistance of an acknowledgment and waiver of rights form. Defendant stated that he understood his
2  rights and was willing to speak with the Agents without the benefit of counsel. In sum, Defendant
3  denied knowledge of the marijuana and described for the Agents how he came into possession of the
4  vehicle that he drove to the Port of Entry. The advisement of rights and Defendant's statement were
5  memorialized on a digital video disk ("DVD").

6  D.     ADDITIONAL FACTS BEARING ON "SAFE HARBOR" ISSUE

7          On Friday, January 18, 2008, Special Agent Wood, the case agent, was assigned "Port Duty."
8  In sum, Special Agent Wood was tasked with responding to calls for investigative assistance from each
9  of the Ports of Entry in Imperial County, California - Andrade Port of Entry, Calexico East Port of
10 Entry, and Calexico West Port of Entry. On this date, Special Agent Wood received three such calls for
11 assistance, one from the Andrade Port of Entry and two from the Calexico East Port of Entry. All three
12 calls for assistance came in at roughly the same time in the evening. Given the distances between the
13 Andrade Port of Entry and the Calexico East Port of Entry, the number of individuals that needed to be
14 interviewed - three, the time of the evening (keeping in mind that the offices at the Calexico East Port
15 of Entry close at 10:00 p.m.), and the need to have suitable facilities to conduct suspect interviews,
16 Special Agent Wood transported three suspects (in unrelated cases) to the Calexico West Port of Entry
17 for further processing and to conduct their interviews. After arriving at the Calexico West Port of Entry,
18 Special Agent Wood interviewed each suspect in no particular order and Defendant was the last of the
19 three to be interviewed.

20         On Saturday, January 19, 2008, at approximately 3:30 p.m., Special Agent Wood presented the
21 probable cause statement to the duty Magistrate Judge, Magistrate Judge Adler, via facsimile. At
22 approximately 3:50 p.m., Magistrate Judge Adler signed the probable cause determination. The
23 following Monday, January 21, 2008, was a federal holiday so Magistrate Judge Lewis signed the
24 complaint, it was filed, and Defendant was arraigned on Tuesday, January 22, 2008.
25 //
26 //
27 //
28 //

### III

### POINTS AND AUTHORITIES

**A.    MOTION FOR EVIDENTIARY HEARING SHOULD BE DENIED**

    **1.    Introduction**

Defendant has moved for an evidentiary hearing to determine whether Defendant's statements to federal Agents were voluntary. Specifically, Defendant moves for an evidentiary hearing on the grounds that his statements were not voluntary and that his statements were obtained outside of the "Safe Harbor Period." Although the United States concedes that Defendant's interview was conducted more than six hours after his initial arrest, this does not *per se* warrant an evidentiary hearing. Additionally, Defendant's motion for an evidentiary hearing must be supported by a sworn declaration and not merely allegations.

    **2.    Standards Governing Request for Evidentiary Hearing**

Contrary to Defendant's request, the Court can and should deny the defendant's request for an evidentiary hearing. Under Ninth Circuit and Southern District precedent, as well as Southern District Local Criminal Rule 47.1(g)(1)-(4), a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of the defendant's motion. United States v. Batiste, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing"); United States v. Moran-Garcia, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1.

Here, Defendant has failed to support his allegations with a declaration, in clear opposition to Local Rule 47.1(g).

    **3.    Standards Governing Admissibility of Statements**

A statement made in response to custodial interrogation is admissible under Miranda v. Arizona, 384 U.S. 437 (1966) and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion.

Colorado v. Connelly, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and Miranda determinations; valid waiver of Miranda rights should be found in the "absence of police overreaching"; "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'"). Although the totality of circumstances, including characteristics of the defendant and details of the interview, should be considered, improper coercive activity is a necessary predicate to suppression of any statement. Id.; cf. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973) ("Some of the factors taken into account have included the youth of the accused; his lack of education, or his low intelligence; the lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as the deprivation of food or sleep.") (citations omitted). Although it is possible for a defendant to be in such a poor mental or physical condition that he/she cannot rationally waive his/her rights (and misconduct can be inferred based on police knowledge of such condition, Connelly, 479 U.S. at 167-68), the condition must be so severe that the defendant was rendered utterly incapable of rational choice. United States v. Kelley, 953 F.2d 562, 564 (9th Cir. 1992) (collecting cases rejecting claims of physical/mental impairment as insufficient to prevent exercise of rational choice).

### 4. Statements Obtained Outside of the Safe Harbor Time Period Are Admissible

The Federal Rules of Criminal Procedure require that agents take an arrested defendant before a magistrate judge "without unnecessary delay." Fed. R. Crim. P. 5(a). Section 3501(b) directs courts to consider various factors in determining whether a suspect provided a voluntary confession, including "the time elapsing between arrest and arraignment of the defendant making the confession [...]." With regard to section 3501(c), the "safe harbor" provision, courts should not invalidate a confession taken within six hours after arrest or other detention solely on the basis of delay. United States v. Van Poyck, 77 F.3d 285, 288 (9th Cir. 1996), cert. denied, Van Poyck v. United States, 519 U.S. 912 (1996). However, even assuming *arguendo*, statements made outside this six-hour safe harbor period are not *per se* inadmissible, and "[t]he defendant bears the burden of proving grounds for exclusion" under section 3501(c). Van Poyck, 77 F.3d at 288 (citing United States v. Halbert, 436 F.2d 1226, 1230 (9th Cir. 1970)).

//

1    In the Ninth Circuit, it is well-settled that: "[w]e will admit a statement made outside of the safe harbor if the delay was reasonable or if public policy concerns weigh in favor of admission." <u>United States v. Padilla-Mendoza</u>, 157 F.3d 730, 731 (9th Cir. 1998) (<u>citing</u> <u>Van Poyck</u>, 77 F.3d at 289); <u>see also</u> <u>United States v. Gamez</u>, 301 F.3d 1138, 1143 (9th Cir. 2002) (31-hour delay was reasonable and public policy favored admission of defendant's statements). With regard to the reasonableness of the delay, a court may consider a weekend delay in arraigning a defendant due to the unavailability of a magistrate judge. <u>Van Poyck</u>, 77 F.3d at 289. With regard to public policy concerns, these "concerns include discouraging officers from unnecessarily delaying arraignments, preventing the admission of involuntary confessions, and encouraging early processing of defendants." <u>Padilla-Mendoza</u>, 157 F.3d at 731-732 (<u>citing</u> <u>Van Poyck</u>, 77 F.3d at 289).

    Here, Defendant arrived at the Calexico East Port of Entry at approximately 5:13 p.m. on Friday, January 18, 2008. After marijuana was discovered in the vehicle driven by Defendant, he was placed under arrest by CBP Officers at approximately 5:35 p.m. At this point, CBP Officers notified the duty ICE Agents that Defendant was in custody for importation of marijuana.

    At roughly the same time in the evening, on January 18, 2008, Special Agent Wood received two other calls for investigative assistance from CBP Officers at the Andrade Port of Entry and the Calexico East Port of Entry. Given the distances between the Andrade Port of Entry and the Calexico East Port of Entry, the number of individuals that needed to be interviewed - three, the time of the evening (keeping in mind that the offices at the Calexico East Port of Entry close at 10:00 p.m.), and the need to have suitable facilities to conduct suspect interviews, Special Agent Wood transported the three suspects, including Defendant, to the Calexico West Port of Entry for further processing and to conduct their interviews. After interviewing the two other unrelated suspects, Special Agent Wood interviewed Defendant at approximately 2:16 a.m., on Saturday, January 19, 2008.

    On January 19, 2008, at approximately 3:30 p.m., Special Agent Wood presented the probable cause statement to the duty Magistrate Judge, Magistrate Judge Adler, via facsimile. At approximately 3:50 p.m., Magistrate Judge Adler signed the probable cause determination. The following Monday, January 21, 2008, was a federal holiday so Magistrate Judge Lewis signed the complaint, it was filed, and Defendant was arraigned on Tuesday, January 22, 2008.

1  Given the facts and circumstances articulated above, any delay in arraigning Defendant was not
2  unreasonable and could be characterized as quite common in the Southern District of California.
3  Further, there is no evidence to suggest that this delay was "engineered" by any law enforcement
4  personnel for the purpose of eliciting further incriminating statements or otherwise delaying Defendant's
5  arraignment.  Lastly, Defendant has failed to articulate facts that support a conclusion that there was an
6  unreasonable delay in interviewing or arraigning him, or that public policy concerns weigh in favor of
7  a determination that his statements were involuntary and thus inadmissible.  Accordingly, this Court
8  should deny the Defendant's request for an evidentiary hearing.

## IV

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant's motion.

DATED:  April 7, 2008                             Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　KAREN P. HEWITT
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Paul L. Starita*
　　　　　　　　　　　　　　　　　　　　　　　　　　　PAUL L. STARITA
　　　　　　　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

1
2
3
4
5                           UNITED STATES DISTRICT COURT
6                          SOUTHERN DISTRICT OF CALIFORNIA
7  UNITED STATES OF AMERICA,           )      Case No. 08CR0253-H
                                       )
8                Plaintiff,            )
                                       )
9        v.                            )
                                       )      CERTIFICATE OF SERVICE
10 RICHARD MORGAN KARAS,               )
                                       )
11               Defendant.            )
                                       )
12
13 IT IS HEREBY CERTIFIED THAT:

14     I, PAUL L. STARITA, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.
15
       I am not a party to the above-entitled action. I have caused service of United States' Response
16 and Opposition to Defendant's Motion to Grant an Evidentiary Hearing, together with statement of facts and memorandum of points and authorities on the following by electronically filing the foregoing
17 with the Clerk of the District Court using its ECF System, which electronically notifies them.

18     1.    Hanni Fakhoury, Esq.
             Federal Defenders of San Diego, Inc.
19
       I hereby certify that I have caused to be mailed the foregoing, by the United States Postal
20 Service, to the following non-ECF participants on this case:

21     1.    N/A.

22 the last known address, at which place there is delivery service of mail from the United States Postal Service.
23
       I declare under penalty of perjury that the foregoing is true and correct.
24
       Executed on April 7, 2008.
25
                                              */s/ Paul L. Starita*
26                                            PAUL L. STARITA

27
28